USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 1 2 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SANTIAGO CEDILLO, on behalf of himself and others similarly situated,

                    Plaintiff,

-v-

CN COBBLER SHOP INC. et al.

                    Defendant.

-----------------------------------------------------------------X

12 Civ. 4225 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    The Court has been advised that Plaintiff in the above-captioned action has submitted a "Notice of Dismissal Pursuant to Fed. R. Civ. P. 41(a)" (Docket # 4). Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See id.* § 216(b). In the event a settlement is for less than this amount, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair. *See, e.g., Wolinsky v. Scholastic Inc.*, 11 Civ. 5917 (JMF), 2012 WL 2700381, at *2-3 (S.D.N.Y. July 5, 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).

    A voluntary dismissal submitted pursuant to Rule 41(a)(1)(A) is explicitly subject to "any applicable federal statute," Fed. R. Civ. P. 41(a)(1)(A), which in an FLSA case includes 29 U.S.C. § 216(b). Thus, § 216(b)'s requirement for judicial supervision of FLSA claims being resolved by the parties for less than the full amount of unpaid wages applies to voluntary dismissals as well. *See Wolinsky*, 2012 WL 2700381, at *7.

Accordingly, it is hereby ORDERED that, on or before September 27, 2012, the parties must submit a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See id.* The letter should also address, as applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

The Clerk of Court is respectfully requested to reopen this case pending the Court's review of the materials to be submitted in compliance with this Order.

SO ORDERED.

Dated: New York, New York
       September 12, 2012

_____
ALISON J. NATHAN
United States District Judge